UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COREY JOHNSON,

                Plaintiff,

    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.

CASE NO. C17-0277-MAT

ORDER GRANTING
MOTION TO DISMISS

## INTRODUCTION

Plaintiff Corey Johnson seeks an award of disability benefits or, in the alternative, a remand for a fair hearing. (Dkt. 3.) The Commissioner of the Social Security Administration (Commissioner) filed a Motion to Dismiss plaintiff's complaint for lack of subject matter jurisdiction. (Dkt. 11.) Having considered the motion and plaintiff's response, as well as the remainder of the record, the Court herein concludes the Commissioner's motion to dismiss should be GRANTED and this matter DISMISSED.

## BACKGROUND

The Commissioner denied plaintiff's claim for Supplemental Security Income initially and on reconsideration. (*See* Dkt. 11-1 at 7.) Plaintiff requested a hearing, which the Commissioner scheduled to occur on August 9, 2016.

ORDER
PAGE - 1

In an Order of Dismissal dated August 29, 2016, Administrative Law Judge (ALJ) M.J. Adams stated neither plaintiff, nor his representative appeared at the hearing. (*Id*. at 7-8.) The order indicates notices regarding the hearing and requesting the return of a form acknowledging receipt were sent to plaintiff and his representative on June 3 and July 26, 2016, but that neither plaintiff, nor his representative returned the acknowledgement of receipt. The order also notes an attempt to contact plaintiff and his representative, as required by 20 C.F.R. § 416.1438, after there was no response to the first notice. Considering the factors set forth in 20 C.F.R. § 416.1457(b)(2), the ALJ found no good cause for plaintiff's failure to appear at the time and place of the hearing.

Plaintiff, through his representative Brad Myler, filed a request for review of the Order of Dismissal on October 18, 2016. (Dkt. 11-1 at 10.) In an accompanying letter, attorney Ghulam Tariq Khan, an associate of Myler's, asserted good cause for plaintiff's failure to appear. (*Id*. at 11-12.) Khan states he was present at the hearing office at the scheduled time for the hearing. Subsequently, on August 19, 2016, Khan learned from a friend of plaintiff's that the friend had been unable to give plaintiff a ride to the hearing due to a family issue, and that plaintiff "underwent some sort of mental health episode or breakdown." (*Id*. at 11.) Khan also states he sent a letter to the ALJ on August 31, 2016 noting plaintiff's lack of transportation to the hearing and requesting the ALJ find good cause for the failure to appear, and that his office received the Notice of Dismissal on that same date. Khan's office also, on September 19, 2016, received a call from a mental health caseworker indicating plaintiff was in jail. Myler and Khan had not been able to make any contact with plaintiff. Khan alleged good cause for the failure to appear given plaintiff's severe mental health issues, including psychotic disorder with hallucinations, paranoia, ideas of reference, and delusions. (*Id*. at 11-12.) Khan asserted error in the failure to

1  issue a Request to Show Cause for Failure to Appear before dismissing the request for a hearing,

2  citing Hearings, Appeals and Litigation Law Manual (HALLEX) I-2-4-25 (C)(2), and in the

3  failure to find good cause.

4  On December 22, 2016, the Appeals Council denied plaintiff's request for review. (Dkt.

5  11-1 at 13.) Plaintiff thereafter commenced the current action in this Court.

## DISCUSSION

In filing suit, plaintiff alleged he exhausted the administrative appeals process without success and that the ALJ erred in finding him not disabled. (Dkt. 3.) The Commissioner denies the existence of a final agency decision made after a hearing and subject to this Court's review. The Commissioner moves to dismiss based on an absence of subject matter jurisdiction, presenting a factual attack and disputing the truth of the allegations that otherwise would invoke jurisdiction. *See Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016) (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). A response to such an attack may include affidavits or other evidence establishing subject matter jurisdiction, and the Court may look beyond the pleadings to the evidence presented. *Id*. While the Court need not presume the truthfulness of plaintiff's allegations, any factual disputes must be resolved in his favor. *Id*.

Judicial review of a claim for Social Security disability benefits is limited to review of a "final decision of the Commissioner of Social Security made after a hearing[.]" 42 U.S.C. § 405(g); *accord Califano v. Sanders*, 430 U.S. 99, 107-08 (1977) (§ 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'") This Court lacks subject matter jurisdiction over claims upon which there has been no final agency action. 42 U.S.C. § 405(g) and § 405(h) ("The findings and decisions of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were

parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); *Weinberger v. Salfi*, 422 U.S. 749, 763-66 (1975) (interpreting § 405(g)'s requirement of a final decision after a hearing "to be central to the requisite grant of subject-matter jurisdiction – the statute empowers district courts to review a particular type of decision by the Secretary, that type being those which are 'final' and 'made after a hearing.'"); *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993) ("Section 405(g) requires an SSI claimant to obtain a final judgment from the Secretary before seeking judicial review.")

The meaning of the term "final decision" is to be defined by the Commissioner's regulations. *Weinberger*, 422 U.S. at 766. Under the regulations, a claimant obtains the Commissioner's final decision only after completing the four steps of the administrative review process: (1) initial determination; (2) reconsideration determination; (3) hearing before an ALJ; and (4) Appeals Council review. *See* 20 C.F.R. § 404.900(a). As stated by the Ninth Circuit, "[a] final decision has two elements: (1) presentment of the claim to the Commissioner, and (2) complete exhaustion of administrative remedies." *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003) (citing *Johnson*, 2 F.3d at 921).

Where a claim is dismissed for failure to appear at a scheduled hearing, the dismissal of a request for a hearing becomes binding. 20 C.F.R. §§ 416.1457, 416.1459. The denial of a request for a hearing is not subject to judicial review. *See* § 416.1403(a) ("Administrative actions that are not initial determinations may be reviewed by us, but they are not subject to the administrative review process provided by this subpart and they are not subject to judicial review."). That is, where a claimant fails to appear for a scheduled hearing, he fails to exhaust "'the administrative remedy upon which judicial review depends[,]'" and there is no final

decision by the Commissioner. *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001) (quoting *Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1992)).

An exception to the administrative exhaustion requirement exists where a plaintiff raises a "colorable" constitutional challenge to the Commissioner's decision. *Sanders*, 430 U.S. at 109; *Subia*, 264 F.3d at 902. "A constitutional claim is colorable if it is not wholly insubstantial, immaterial, or frivolous." *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (internal quotation marks and quoted sources omitted). The mere assertion of a bare constitutional violation without supporting allegations is not a colorable constitutional claim. *Id.* "Rather, the claim must be supported by facts sufficient to state a violation of substantive or procedural due process." *Id.* (internal quotation marks and quoted sources omitted). A claimant who cites "arguably relevant" case law in support of his claim has asserted a colorable claim. *See Rolen v. Barnhart*, 273 F.3d 1189, 1191 (9th Cir. 2001). Determining whether a constitutional claim is colorable requires an examination of its merits; however, a determination that a claim lacks merit does not necessarily mean that it is not colorable. *Boettcher v. Secretary of Health & Human Services*, 759 F.2d 719, 722 (9th Cir. 1985).

Plaintiff did not assert a constitutional challenge in either his complaint or response to the motion to dismiss. (Dkts. 3, 12.) Instead, relying on the Ninth Circuit's decision in *McNatt v. Apfel*, 201 F.3d 1084 (9th Cir. 2000), plaintiff argues there was a hearing within the meaning of 42 U.S.C. § 405(g) and that there is, therefore, a final decision subject to review.

In *McNatt*, 201 F.3d at 1086, the Ninth Circuit considered a case in which a claimant's attorney appeared at a scheduled hearing without the claimant, apparently to seek a continuance, and indicated he was not authorized to proceed with the hearing without his client. The ALJ advised counsel he was treating the failure to appear as a "'no show'" and would issue a Notice

to Show Cause and dismiss the request for a hearing if the claimant did not respond. The claimant did not timely respond to the notice, which was mailed two days before Christmas and required a response the day after New Year's Day, and the ALJ dismissed the hearing request. The Ninth Circuit distinguished these circumstances from a case in which a claimant simply refused to attend a hearing: "[I]t does not follow that because a claimant who refuses to participate in a hearing forfeits judicial review, a claimant who appears at a scheduled hearing through counsel and seeks a continuance also forfeits review." *Id*. at 1087 (distinguishing *Hoye*, 985 F.2d at 991). The Court concluded the claimant had a hearing within the meaning of § 405(g), resulting in a final decision subject to review. *Id*. The Court further concluded the ALJ dismissed the request for a hearing in violation of controlling law, pointing to 20 C.F.R. § 404.957 as allowing for dismissal of a hearing request where neither a claimant, nor counsel for a claimant appears for a hearing, and a HALLEX provision, now outdated, that provided for proceeding with or postponing a hearing where a representative appeared without a claimant. *Id*. at 1087-88.

Plaintiff asserts that, as in *McNatt*, he appeared at his scheduled hearing through his legal representative, Ghulam Tariq Khan, an associate of the attorney of record, Brad Myler. He contends Khan was present at the hearing office at the scheduled time, but was denied entry to the hearing room by the ALJ. Plaintiff submits a letter from Khan, dated June 15, 2017, asserting Khan "informed the floor monitors / personnel" at the Office of Disability Adjudication and Review (ODAR) he was there for plaintiff's hearing, but was not allowed into the hearing room because there was no "form 1696" containing plaintiff's signature and appointing him plaintiff's legal representative. (Dkt. 12-1 at 6.) Khan had intended to ask plaintiff to sign the form prior to the hearing. Plaintiff argues these facts support the existence of a final decision

subject to judicial review.

An ALJ may dismiss a request for a hearing where neither the claimant, nor the person designated to act as the claimant's representative appears for the hearing, the claimant has been notified before the hearing that the request may be dismissed without further notice for a failure to appear, and good cause for the failure to appear has not been found by the ALJ. 20 C.F.R. § 416.1457(b)(1)(i). The hearing request may also be denied where neither the claimant, nor the representative appears for the hearing and, within ten days after the hearing date, the ALJ mails a notice asking why the claimant did not appear and the claimant does not give a good reason for the failure to appear. § 416.1457(b)(1)(ii). Pursuant to the current applicable HALLEX provision, an ALJ need not send a notice requesting a claimant to show cause for the failure to appear where: (a) the claimant received the notice of hearing and does not have a limitation that may affect his ability to understand the notice and the notice indicates the hearing request may be dismissed without further notice if neither the claimant, nor the appointed representative appears at the hearing; or (b) where the claimant did not return the acknowledgement form sent with the notice of hearing and there is no indication of good cause for the failure to appear. HALLEX I-2-4-25(C)(3)(a)-(b).[1] The Commissioner recognizes an attorney as a claimant's representative where the claimant signs and submits a written notice of the appointment. 20 C.F.R. § 416.1507.

The ALJ's decision reflects that plaintiff and his representative twice received notice of the hearing and, on each occasion, failed to return a form acknowledging receipt of the notice. (Dkt. 11-1 at 7-8.) The Commissioner did not submit any of this documentation or a declaration

---

[1] HALLEX "is strictly an internal Agency manual, with no binding legal effect on the Administration or [the] court." *Clark v. Astrue*¸ 529 F3d 1211, 1216 (9th Cir. 2008) (citing *Moore v. Apfel,* 216 F.3d 864, 868–69 (9th Cir. 2000)). However, as an Agency manual, HALLEX is "'entitled to respect' under *Skidmore v. Swift & Co.*, [323 U.S. 134] (1944), to the extent that it has the 'power to persuade.'" *Id*. (citing *Christensen v. Harris County*, 529 U.S. 576, 587 (2000)).

ORDER
PAGE - 7

addressing either the notices sent or other attempts to contact plaintiff and his counsel prior to the hearing. However, plaintiff does not dispute the Commissioner's contention he was properly notified of the hearing and failed to acknowledge his receipt of the notification. The ALJ, under these circumstances, was permitted to dismiss the hearing request without developing good cause for the failure to appear. 20 C.F.R. § 416.1457(b)(1)(i) and HALLEX I-2-4-25(C)(3)(a)-(b).

The circumstances in this case further differ from *McNatt*. At the time of the hearing, Khan had not been designated to act as plaintiff's counsel. Moreover, other than the assertion in plaintiff's responsive brief, there is no indication the ALJ was aware of Khan's presence at the hearing office. Khan's October 2016 letter to the Appeals Council states only that he was present at the hearing office, while his June 2017 letter indicates he informed "floor monitors / personnel" at ODAR of his presence. (Dkt. 12-1 at 4-6.) Nor is there any indication counsel for plaintiff provided the ALJ with an explanation for plaintiff's failure to appear at any point prior to the August 29, 2016 Order of Dismissal, despite learning of plaintiff's transportation and other issues on August 19, 2016. (*See* Dkt. 11-1 at 11.) Also, although the letter to the Appeals Council references a letter sent to the ALJ on August 31, 2016 and requesting the ALJ find good cause for the failure to appear, plaintiff does not provide the Court a copy of that letter. There is, in sum, an absence of support for the contention the ALJ in this case held a "hearing" within the meaning of § 405(g).

Plaintiff, finally, does not allege a colorable constitutional claim. Given the absence of any such allegation or showing in support, the Court has no basis for finding an exception to the administrative exhaustion requirement.[2]

---

[2] This is not to say a colorable constitutional claim, such as due process violation, is evident in this case. For example, because there is no indication the ALJ was informed of the reasons for plaintiff's failure to appear prior to issuing the Order of Dismissal, plaintiff cannot allege a colorable constitutional

# CONCLUSION

There is no final decision of the Commissioner made after a hearing and subject to review in this Court. Accordingly, defendant's motion to dismiss based on an absence of jurisdiction (Dkt. 11) is GRANTED and this matter is DISMISSED.

DATED this 29th day of June, 2017.

Mary Alice Theiler
United States Magistrate Judge

---

claim in the ALJ's failure to address the reasons for plaintiff's failure to appear at the hearing. *Cf. Dexter v. Colvin*, 731 F.3d 977, 980-82 (9th Cir. 2013) (due process requires a Commissioner to consider all "potentially valid reasons" for a claimant's failure to timely file a request for a hearing and to provide some explanation for rejecting such reasons; while not entitled to judicial review of an ALJ's decision regarding good cause, a claimant is entitled to seek administrative review of that decision with the Appeals Council and the Appeals Council cannot make an informed decision to deny review without knowing the ALJ's reasons; finding that, where an ALJ failed to consider or explain his reasons for rejecting each of a claimant's potentially valid reasons, the claimant presented a colorable due process claim).

ORDER
PAGE - 9